**CORED PANELS, INC.**

v.

**MOORE & HANKS COMPANY.**

Civ. A. No. 70–3176.

United States District Court,
E. D. Pennsylvania.

Jan. 27, 1971.

Leon Ehrlich, Reading, Pa., for plaintiff.

J. H. Lewis, Jr., J. B. Martin, Philadelphia, Pa., for defendant.

## MEMORANDUM AND ORDER

TROUTMAN, District Judge.

On or about February 19, 1970, plaintiff, a New York corporation, and defendant, a California corporation, entered into two contracts under the terms of which plaintiff agreed to supply certain labor and materials to defendant in connection with work to be done on the premises of Astra Pharmaceutical Products, Inc., a Massachusetts corporation, and Western Electric Company, a Pennsylvania corporation. The work to be performed in connection with the Western Electric Company concerned Western Electric's premises located in Reading, Berks County, Pennsylvania.

On or about October 21, 1970, plaintiff instituted an action of trustee attachment against the defendant in the Superior Court of Worcester County, Massachusetts, purporting to attach funds owed to the defendant by Astra Pharmaceutical in the amount of sixty thousand dollars. Thereafter, on or about November 6, 1970, plaintiff filed a complaint with writ of foreign attachment in the Court of Common Pleas of Berks County, Pennsylvania, alleging a breach of the two aforementioned contracts and claiming damages in the total amount of $49,336.00. On or about November 12, 1970, service of said complaint and writ of foreign attachment was made upon Western Electric as garnishee and funds in the amount of $121,800.00 were attached. On November 16, 1970 defendant filed a petition removing the Berks County action to this Court. To said petition for removal the plaintiff filed an answer seeking the dismissal of said petition for removal.

Thereafter, the defendant filed a motion to quash the writ of foreign attachment, above mentioned, or in the alternative to reduce the amount of the attachment.

## I.

■ Plaintiff's answer to defendant's petition for removal admits substantially all of the allegations contained in defendant's petition, but suggests that because the defendant has now registered to do business in the Commonwealth of Pennsylvania, apparently since the institution of the action in Berks County, that it has thus subjected itself to the jurisdiction of the Courts of the Commonwealth and that accordingly the petition for removal should be dismissed. Said petition clearly alleges diversity of citizenship and a controversy involving a sum in excess of $10,000.00. These allegations, duly verified, vest original jurisdiction in this Court pursuant to the provisions of 28 U.S.C. § 1332. Removal is authorized by 28 U.S.C. § 1441 and the procedural requirements prescribed by 28 U.S.C. § 1446 have been strictly complied with. We see no basis for the dismissal of the defendant's petition for removal. If the plaintiff has proper grounds upon which to base a valid objection to removal of this action to this Court same should be asserted by way of an appropriate petition to remand the action to the State Court on the basis of facts and allegations duly verified and supported. Therefore, treating the plaintiff's answer to the defendant's petition for removal as a motion to dismiss said petition, we shall deny same.

## II.

On the basis of memoranda submitted, oral argument having been waived by both parties, it appears that the defendant seeks to quash the writ of foreign attachment here in question, contending that plaintiff utilized a writ of foreign attachment "in order to obtain jurisdiction over the defendant in Pennsylvania" which defendant contends was unnecessary (a) because of the defendant's performance of business in Pennylvania, (b) because the defendant has entered a general appearance, and (c) because the defendant has now filed the necessary papers with which to register to do business in the Commonwealth of Pennsylvania. Defendant therefore contends that the use of the writ of foreign attachment in this instance constitutes harassment particularly in the light of the trustee attachment previously obtained in the State of Massachusetts. The plaintiff, on the contrary, contends that the writ of foreign attachment was not used for the purpose of obtaining jurisdiction, but for the purpose of immediately seizing funds which might not otherwise be available for the purpose of satisfying plaintiff's claim in the event of judgment in its favor.

The Massachusetts proceeding is not before us. True, the funds there seized may well be sufficient to satisfy plaintiff's claim in the event it is successful in obtaining judgment. On the other hand, we cannot prognosticate as to the ultimate outcome of the Massachusetts proceeding and the ultimate availability of the funds there seized for the purpose of satisfying a Pennsylvania judgment. Before us is a Pennsylvania attachment originally in the amount of approximately $121,000.00 which, by stipulation, has now been reduced to $60,000.00.

■ On the record before this Court there is no basis upon which to quash the writ of foreign attachment. The plaintiff is entitled to the concurrent remedies afforded by the laws of the Commonwealth. Counsel have cited no authorities and we have found none which would justify quashing the writ of attachment. The motion to quash will be denied.

■ The alternative motion to reduce the amount of the attachment was apparently prepared before the plaintiff agreed to reduce the attached funds from $121,000.00, more or less, to $60,-000.00. Both the motion to reduce and the stipulation to reduce were filed in this court on the same day. The retention of the sum of $60,000.00 against a possible judgment in the amount of $49,336.00 appears to be inequitable under the circumstances of this case. Ac-

cordingly, we shall grant the alternative motion to reduce the amount of the attachment and shall reduce the same to the sum of $50,000.00.